FILED
U.S. District Court
District of Kansas
02/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN M. LUCERO,

    **Plaintiff,**

v.                                      CASE NO. 25-3229-JWL

SEDGWICK COUNTY SHERIFF'S
OFFICE,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). Plaintiff is no longer in custody. On December 1, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until January 5, 2026, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted an opportunity to file an amended complaint to cure the deficiencies. The Court extended the response deadline to February 5, 2026. (Doc. 8.) Plaintiff has failed to respond by the Court's deadline. The Court's screening standards are set forth in the MOSC.

Plaintiff's factual allegations are set forth in detail in the MOSC. In summary, Plaintiff's claims involve the conditions of his confinement at the SCJ. He claims that: food was served an hour after it was cooked on one occasion in October 2025; on September 21, 2025, Sgt. Foster threatened inmates by telling Plaintiff and two other inmates that he was going to open their doors and let them "box"; there is mold in the upper-level shower; and "mice and roaches run free" and the floors are rarely cleaned. Plaintiff names the Sedgwick County Sheriff's Office as the sole defendant. For relief, Plaintiff seeks $3,000,000 and an O/R bond.

The Court found in the MOSC that Plaintiff's allegation that one meal was served an hour after it was cooked failed to allege a sufficiently serious claim. *See Taylor v. Pittsburg, KS Police Dep't*, 2022 WL 2274123, at *3 (D. Kan. 2022) (finding that plaintiff failed to allege specific facts indicating a substantial or immediate danger to plaintiff's health and well-being) (citing *Toevs v. Milyard*, 563 F. App'x 640, 643, 645–46 (10th Cir. 2014) (affirming dismissal of claim involving denial of nine consecutive meals during a three-day period); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (finding the withholding of seven meals over a period of six days, "does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition."); *McGee v. Collett*, 2020 WL 4569155 *2 (D. Kan. 2020) (denial of two meals during a week's time does not state an Eighth Amendment claim)).

Plaintiff also alleges that there is mold in one of the showers, there are mice and roaches, and the floors are rarely cleaned. The Court noted in the MOSC that it is unclear how long Plaintiff was exposed to the alleged conditions. Plaintiff alleges no facts showing that a defendant "both knew of and disregarded an excessive risk to [his] health or safety" related to his exposure to mold, mice, or roaches. *See Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 794 (10th Cir. 2013). A "bare allegation of [the presence of] mold . . . does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 F. App'x 111 (10th Cir. Feb. 11, 2004)).

Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to show that a defendant was deliberately indifferent regarding his conditions of

confinement.

Plaintiff alleges that Sgt. Foster threatened inmates by telling Plaintiff and two other inmates that he was going to open their doors and let them "box."  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)).  Where "the officers' comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant and unexpected death.'" *Id*.; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).

The Court ordered Plaintiff to show good cause why his Eighth Amendment claims based on his conditions of confinement should not be dismissed for failure to state a claim.  The Court also found that Plaintiff named an improper defendant.  Plaintiff has named the Sedgwick County Sheriff's Office as the sole defendant.  Any claim against the Sheriff's Office "is directed against the wrong defendant, as the Board of County Commissioners of Sedgwick County is the appropriate defendant for claims against any of its subunits." *Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013) (unpublished) (citing *Hopkins v. State,* 237 Kan. 601, 702 P.2d 311, 316 (1985) (noting "line of Kansas cases which holds that subordinate government agencies do not have the capacity to sue or be sued in the absence of statute"); Kan. Stat. Ann. § 19–105 (2012)).  Kansas statutory law provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of _____;' . . .."  K.S.A. § 19-105.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice."  (Doc. 5, at 11.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his claims should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 9, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**